[No. 9521.   Department One.   August 16, 1911.]

FREDERICK D. MAYER, *Appellant*, v. QUEEN CITY LUMBER
COMPANY, *Respondent*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—OPEN AND APPAR-
ENT DANGERS—DUTY TO WARN. An employee hauling timbers over
rolls with a picaroon, along an unguarded walk, four or five feet
wide, who fell where, for a space of fifteen feet, there was nothing
between the walk and the ground ten feet below, must have known
of and assumed the risks, as they were open and apparent; and he
cannot allege negligence in failing to warn him of the danger of
such open space, where he had passed it several times in his work.

Appeal from a judgment of the superior court for King
county, Main, J., entered January 7, 1911, granting a non-
suit, in an action for personal injuries sustained by an em-
ployee in a sawmill.   Affirmed.

*Heber McHugh* and *John T. Casey*, for appellant.

*James B. Murphy*, for respondent.

FULLERTON, J.—The appellant was injured while in the
employ of the respondent, and brought this action to recover
therefor.   At the conclusion of his case in chief, a challenge
to the sufficiency of the evidence was interposed, and sustained
by the court, and a judgment of dismissal entered.   This ap-
peal is prosecuted to set aside the judgment so entered.

At the time of the injury to the appellant, the respondent
owned and operated a lumber and shingle mill.   The lumber
mill proper was some 200 feet distant from a railroad track,
and for the convenience of conveying heavy material from the
mill to the track the respondent built a series of rollers across
the intervening space.   These rollers were constructed some
twelve feet above the ground, and along one side of them was
constructed a platform or walk, some 4 or 5 feet wide and
some two and one-half feet below the top of the rollers, along

[1]Reported in 117 Pac. 392.

which the employees walked while dragging timbers over the rollers. The space underneath the rollers for the greater part of the way was occupied by two sheds, having their tops just underneath the walk. The sheds, however, at the place of approach, some 100 feet from the mill, did not meet, and the effect was to leave a space about 15 feet wide where there was nothing between the platform and the ground below. The walk across the space was the same as it was elsewhere along the route, it was without railings or guards of any kind.

After a piece of timber had been placed upon the rollers at the mill, it was moved to the railroad by an employee who would strike the point of a picaroon into the body of the timber and drag it along the rollers by pulling on the handle of the picaroon. The appellant had been in the employ of the mill company for nearly a month prior to his injury, working in the sheds beneath the rollway. On the morning of the accident, he was directed to go to the sawmill and assist in hauling some timbers along the rollers from the mill to the railroad. He went as directed, and was given a picaroon and proceeded to haul timbers. He testified that he had never done any work of that kind before, although he had seen others do it and was familiar with the use of a picaroon, having had occasion to use the instrument while employed at another mill. The appellant in his turn stuck the picaroon into a timber and proceeded to haul it on its way. As he reached the gap between the sheds, the picaroon loosened from the timber and gave way suddenly. The effect was to throw the appellant onto the walk, from which he fell to the ground below. In the fall he received the injuries for which he sues in the action.

The theory on which the appellant sought to recover was that he was put to work in an unsafe place, and was given no warning of the danger he would encounter therein. His counsel claim in this court that his evidence conclusively shows that he fell while hauling the first piece of timber he attempted to haul; that the gap between the sheds was not

clearly visible from the place where he started; and that he proceeded on his way in ignorance of the danger to be encountered at the gap, and fell because he had not been warned to look out for this particular danger. The trial judge found from the record that the appellant was familiar with his surroundings; that all of the dangers connected with the work were open and apparent; and that the appellant, by engaging in such work, assumed all risks of injury therefrom.

A perusal of the record convinces us that the evidence supports the court's theory of the case rather than that of the appellant. While in his direct examination he does leave the impression that he fell while attempting to haul the first timber he was directed to take and before he had passed over the way at all, his statements on cross-examination are more circumstantial. On being asked how many times he had been down the rollway prior to his injury, he answered: "Well, I can't say for certain, but, possibly that was the first or second time, or maybe, the third, I cannot swear. But this was the first day upon which I had been on the run-way." Again, he says he was "working alone, although there was another fellow on the same kind of work at the start, I believe, because I imitated him in using the picaroon;" and elsewhere he positively declines to say that he was injured on the first timber he attempted to haul, saying that he does not remember. There was no hidden defect causing the appellant's injury. All of the dangers were open and apparent to any one who had the opportunity to pass over the walk, and if it be true that the appellant hauled one or two pieces of timber prior to the one he was hauling at the time of his injury, he cannot be heard to say that he did not know of the dangers of the way. We think the record conclusively shows that he did know of the danger, and since this view accords with the judgment of the trial court, we will direct an affirmance of the judgment.

DUNBAR, C. J., MOUNT, and GOSE, JJ., concur.